# EXHIBIT B

## STATE COURT DOCUMENTS

ELECTRONICALLY FILED - 2017 Oct 05 9:52 AM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4203615

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | ) | |
| MIKE WOOD, | | SUMMONS |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO._____ |
| KARL BENSON and THE SUN BELT CONFERENCE, | | |
| Defendants. | | |

**TO THE DEFENDANTS NAMED ABOVE**:

**YOU ARE HEREBY SUMMONED** and required to appear and defend by answering the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer on the subscribers at 134 Oakland Avenue, Spartanburg, South Carolina, 29302, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to do so judgment by default will be rendered against you for the relief demanded in the Complaint.

Dated this the 5th day of October, 2017.

> By:  _/s/ Scott F. Talley_____
> Scott F. Talley, SC Bar 70364
> TALLEY LAW FIRM, P.A.
> 134 Oakland Avenue
> Spartanburg, South Carolina 29302
> Telephone:  (864) 595-2966
> scott@talleylawfirm.com
>
> Attorneys for Plaintiff Mike Wood

1

ELECTRONICALLY FILED - 2017 Oct 05 9:52 AM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4203615

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>                                       )   IN THE COURT OF COMMON PLEAS<br>COUNTY OF SPARTANBURG   ) | |
| MIKE WOOD,<br><br>       Plaintiff,<br><br>       v.<br><br>KARL BENSON and THE SUN BELT CONFERENCE,<br><br>       Defendants. | COMPLAINT<br>(JURY)<br><br>CIVIL ACTION NO._____ |

## COMPLAINT

Plaintiff Mike Wood ("Wood") files the following Complaint against Karl Benson ("Benson") and The Sun Belt Conference ("SBC") (collectively "Defendants") and asserts the following:

## INTRODUCTION

1.  Wood commences this action against Defendants for damages and other relief arising out of Defendants' conduct, both individually and in concert, unlawfully designed to interfere with and injure Wood and his business.

## PARTIES AND VENUE

2.  Wood is a citizen and resident of Spartanburg County, South Carolina, maintaining his residence and domicile in Spartanburg, South Carolina.

3.  The SBC is a non-profit corporation with its principal place of business in New Orleans, Louisiana. The SBC regularly, consistently, and on an ongoing basis directs contacts with South Carolina and its residents and conducts business in South Carolina.

2

4. On information and belief, Benson is a citizen and resident of Louisiana, maintaining his residence and domicile in Louisiana.

5. This Court properly has jurisdiction over the parties and claims identified herein.

6. Venue is proper in this Court pursuant to S.C. Code Ann. § 15-7-30.

## FACTS AND GENERAL ALLEGATIONS

7. Wood officiated college basketball, including at the highest level, for over 31 years.

8. Upon his retirement from officiating, Wood has served as coordinator of men's college basketball officials for various collegiate conferences, including the SBC. In this capacity, Wood, among other things, assigns and trains college basketball officials and prospective college basketball officials.

9. Through great expense of valuable resources, Wood has developed a highly successful business. Wood, through hard work and dedication, earned the reputation among his business associates, including college basketball conferences, coaches, officials, and prospective officials, as being highly reputable and dependable, and of the highest quality.

10. Wood has developed and maintained, at great expense, valuable relationships and substantial goodwill with his business associates, both of which are of paramount significance to his business success.

11. Wood has an extensive network of college basketball officials and prospective college basketball officials whom he assigns and/or trains to officiate college basketball games. Wood trains his network of officials by and through, among other things, various officiating camps.

12. In March 2010, Wood contracted with the SBC to serve as its Men's Basketball Coordinator of Officials. At that time, Wright Waters was the SBC Commissioner.

3

ELECTRONICALLY FILED - 2017 Oct 05 9:52 AM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4203615

13. In August 2013, Wood again contracted with the SBC to serve as its Men's Basketball Coordinator of Officials. At the time of contracting, Benson was the SBC Commissioner. The contract was for the four years beginning July 1, 2013 and ending June 30, 2017.

14. On March 30, 2015, via an email with Benson, Wood received an extension from the SBC through the 2020 season with payment under the contract as follows: (1) 2016--$65,000; (2) 2017--$70,000; (3) 2018--$75,000; (4) 2019--to be determined; (5) 2020--to be determined.

15. In the alternative, on March 30, 2015, via an email exchange with Benson, the SBC offered, and agreed to a new contract with Wood containing new terms and conditions with the term of the agreement running through 2020 and with payments to be made to Wood for his services as described in Paragraph 14 above.

16. Wood met or exceeded all performance expectations under the contracts referenced above. In April 1017, Benson described Wood's performance under the contract as "masterful."

17. In March 2017, Benson conducted a telephone conference with the SBC's athletic directors. Benson recorded the conference call and subsequently provided a recording of the call to the SBC's athletic directors.

18. During the course of the call, Benson made numerous misrepresentations about Wood and his contract, and contract status, with the SBC.

19. Benson told the SBC athletic directors, among other things, that Wood's contract with the SBC expires in 2017. However, Wood's contract with the SBC was to expire in 2020, not 2017, as Benson stated.

20. Benson further misrepresented that Wood applied for the director of officials position with the SEC. Benson further misrepresented that Wood told him if he got the SEC job that he would want to discuss the SBC's basketball officials.

21. Benson informed the athletic directors that Wood's contract with the SBC was up in 2017 and that the SBC was moving from Wood to the SEC consortium to cover its men's basketball officials staffing.

22. Benson intentionally and surreptitiously orchestrated support for the consortium by planting a response of approval from an athletic director participating on the call. When Benson opened the floor for discussion, the athletic director jumped in misrepresenting that Rick Barnes (the current men's basketball head coach at the University of Tennessee and former head coach at the University of Texas) supported the move to the consortium.

**FIRST CAUSE OF ACTION**
**(Tortious Interference with Contractual Relations)**

23. Wood re-alleges and incorporates all of his allegations contained above as if fully set forth herein.

24. Benson, acting on his own accord and outside of the scope of his duties for the SBC, has tortiously interfered with Wood's contractual relationships.

25. Wood had a contractual relationship with the SBC.

26. Benson was aware of the contractual relationship between Wood and the SBC.

27. Benson intentionally procured the breach of the contractual relationship without justification.

28. Benson's conduct has resulted in and will continue to result in damages to Wood.

29. Wood seeks actual, compensatory, consequential, and punitive damages in an amount to be determined by the jury.

ELECTRONICALLY FILED - 2017 Oct 05 9:52 AM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4203615

## SECOND CAUSE OF ACTION
**(Tortious Interference with Prospective Contractual Relations)**

30. Wood re-alleges and incorporates all of his allegations contained above as if fully set forth herein.

31. Defendants, including Benson in his individual capacity and in his capacity as an agent for the SBC, have tortiously interfered with Wood's prospective contractual relationships with the SBC and with college basketball officials and prospective college basketball officials.

32. Defendants were aware of Wood's ongoing relationship with the SBC and the potential for continuing that relationship which had been in place since 2010.

33. Defendants were aware of Wood's prospective contractual relationships with college basketball officials and prospective college basketball officials.

34. Defendants intentionally interfered with Wood's prospective contractual relations with the SBC and with college basketball officials and prospective college basketball officials.

35. Defendants' actions were for an improper purpose.

36. Defendants' actions were by improper methods.

37. Defendants' conduct has resulted in and will continue to result in injury and damages to Wood.

38. Wood seeks actual, compensatory, consequential, and punitive damages in an amount to be determined by the jury.

## THIRD CAUSE OF ACTION
**(Civil Conspiracy)**

39. Wood re-alleges and incorporates all of his allegations contained above as if fully set forth herein.

6

40. Defendants, including, but not limited to, Benson acting outside of the scope of his duties for the SBC, conspired with themselves and, upon information and belief, others for the purpose of damaging Wood's business.

41. The overt acts done pursuant to the conspiratorial combination of Defendants have damaged Wood by, but not limited to, intentional misrepresentations to the SBC athletic directors, the loss of customers (college basketball officials and prospective college basketball officials), and the loss of potential customers.

42. As a result of Defendants' conduct, Wood has suffered actual, compensatory, consequential, incidental and special damages.

43. Wood's special damages include, but are not limited to, the loss of specific customer business, specifically basketball officials and prospective officials at various officiating camps conducted by Wood. Defendants' conduct has resulted in lost investment in assets and damages to Wood's ability to operate caused by Defendants' combined efforts to harm Wood's business.

44. Defendants' conduct has been without privilege and done with such willful, malicious, and conscience indifference so as to justify an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Wood, having set forth his Complaint against Defendants herein, prays that the Court will:

(a) Award Wood all damages available at law or equity including, but not limited to actual, compensatory, consequential, incidental, special, and punitive damages;

(b) Award Wood pre-judgment interest in the maximum amount allowable by law;

ELECTRONICALLY FILED - 2017 Oct 05 9:52 AM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4203615

ELECTRONICALLY FILED - 2017 Oct 05 9:52 AM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4203615

(c)     Grant Wood such other relief, whether at law or in equity, as the nature of its claims may require or the Court or jury deems appropriate; and

(d)     Grant Wood a trial by jury on all claims that can be so tried.

Respectfully submitted,

By:  /s/ Scott F. Talley_____
    Scott F. Talley, SC Bar 70364
    TALLEY LAW FIRM, P.A.
    134 Oakland Avenue
    Spartanburg, South Carolina 29302
    Telephone:  (864) 595-2966
    scott@talleylawfirm.com

    Attorneys for Plaintiff Mike Wood

8